**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LUNA ELISEO, | No. 10-71233 |
| Petitioner, | |
| v. | Agency No. A075-475-581 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2012[**]
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Anthony Luna Eliseo ("Eliseo"), a native and citizen of the Philippines, and

a legal permanent resident of the United States, petitions for review of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") order finding removability. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Eliseo's conviction for violating California Health and Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B); *see Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 919 (9th Cir. 2004) (a state drug offense is an aggravated felony for immigration purposes if it contains a trafficking element). Contrary to Eliseo's contention, the record of conviction namely the admission to the charges alleged by the Department of Homeland Security established that Eliseo was convicted of § 11378, possession for sale of a controlled substance, to wit methamphetamine. *See Pagayon v. Holder*, Nos.07-74047, 07-75129, 2011 WL 6091276, *4 (9th Cir. Dec. 8, 2011) (holding that "an alien's concession of removability or admission of facts establishing removability, if accepted by the IJ completely relieves the government of the burden of producing evidence ").

Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**